# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY VENTRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-715-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits. Pursuant to an order entered by United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his application for disability insurance benefits on April 26, 2007, alleging that he became disabled as of October 1, 2006, due to a back and shoulder

injury. Tr. 14, 95-99, 111, 116. The application was denied on initial consideration and on reconsideration at the administrative level. Tr.47, 48, 49-53, 59-61. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on November 6, 2008. Tr. 26-46, 62. Plaintiff appeared in person and with his attorney, and he offered testimony in support of his application. Tr. 28, 30-44. A vocational expert also testified at the request of the administrative law judge. Tr. 44-46, 87. The administrative law judge issued her decision on December 24, 2008, finding that Plaintiff was not disabled within the meaning of the Social Security Act and was thus not entitled to disability insurance benefits. Tr. 11-13, 14-24. Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated May 29, 2009, denied his request. Tr. 1-3. Thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial evidence."Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may

---

[1]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process:

Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age,

3

education, and work experience. Id. at 751.

### III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 14-16. She first found that Plaintiff had not engaged in substantial gainful activity since October 1, 2006, the alleged disability onset date. Tr. 16. At steps two and three, the administrative law judge found that Plaintiff suffered from degenerative disc disease of the cervical spine, spondylolisthesis of the lumbar spine, left shoulder degenerative joint disease, and she found that these disorders were severe, but she also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 16-18. The administrative law judge also found that Plaintiff's mental impairment was non-severe. Tr. 16-17. The administrative law judge next found that Plaintiff had the residual functional capacity to perform a full-range of light work. Tr. 18, 23. The administrative law judge found at step four of the sequential evaluation process that Plaintiff could not perform any of his past relevant work. Tr. 23. At step five, using Rule 202.20 of the Medical-Vocational Guidelines, the administrative law judge found that a person with Plaintiff's residual functional capacity and vocational factors could perform other jobs that exist in significant numbers in the national economy. Tr. 23-24. Accordingly, the administrative law judge found that Plaintiff was not disabled and was not entitled to disability insurance benefits. Tr. 24.

## IV. DISCUSSION

Plaintiff raises four issues on appeal. First, he contends that the administrative law judge failed to give proper consideration to the opinion of his treating physician. Plaintiff's Opening Brief, 3-6. Second, Plaintiff claims that the administrative law judge failed to give specific, legitimate reasons for discounting his allegations of pain. Id. at 7. Third, Plaintiff claims that the administrative law judge's finding that he has no nonexertional impairments is not supported by substantial evidence. Id. at 7-9. Finally, Plaintiff contends that the administrative law judge failed to make the necessary findings before conclusively relying on the Medical-Vocational Guidelines. Id. at 9.

### A. TREATING PHYSICIAN RULE

First, Plaintiff argues that the administrative law judge failed to give proper consideration to the opinion of his treating physician, John Williams, M.D. Plaintiff's Opening Brief, 3. Dr. Williams completed a medical source statement regarding Plaintiff's ability to perform work-related functions on January 2, 2008, finding that Plaintiff could occasionally/frequently lift and/or carry 10 pounds[2]; could stand/walk less than two hours in an eight-hour workday; could sit eight hours if he periodically alternated sitting and standing to relieve pain and discomfort; was limited in pushing and pulling; could never

---

[2]In both the administrative law judge's decision and Plaintiff's brief, it is stated that Dr. Williams opined that Plaintiff could lift/carry *10-19 pounds*. Tr. 22; Plaintiff's Opening Brief, 3. However, the medical source statement itself contains blocks for the doctor to check. The weights shown are less than 10 pounds, 10 pounds, 20 pounds, 50 pounds and 100 pounds or more. Tr. 423. Dr. Williams checked the block for 10 pounds, which as noted, the administrative law judge and Plaintiff have interpreted to mean that he can lift/carry 10-19 pounds.

5

climb, balance, kneel, or crouch; had unlimited fingering; limited reaching in all directions; had limited vision in his left eye; and should avoid cold temperature extremes. Tr. 423. Plaintiff argues that the administrative law judge dismissed the opinion of Dr. Williams, stating that "it is not supported by objective evidence of his prior medical records." Plaintiff's Opening Brief, 3 (citing Tr. 23). He contends that the administrative law judge applied the wrong legal standard in evaluating the opinion of Dr. Williams because she did not give specific, legitimate reasons for failing to give the opinion controlling weight, and failed to use the prescribed factors in determining what lesser weight should be assigned to that opinion. Plaintiff's Opening Brief, 4.

In response, the Commissioner argues that a treating physician's opinion may be rejected if his conclusions are not supported by specific findings, are inconsistent with the physician's own treatment notes, or are contrary to the record as a whole. Commissioner's Brief, 4. He claims that the administrative law judge stated in her decision that she considered all the evidence, and that when the administrative law judge states that she "has considered the entire record, a reviewing court may not assume otherwise." Commissioner's Brief, 4. The Commissioner argues that the administrative law judge fully discussed Plaintiff's treatment history, including that of Dr. Williams, and thus gave good reasons for discounting Dr. Williams' opinion that Plaintiff cannot even perform sedentary work. Commissioner's Brief, 3-8. He goes on to recite the medical evidence summarized by the administrative law judge in her decision, including the findings of the State agency physicians. For the following reasons, the undersigned finds that the administrative law

6

judge did err in her consideration of Dr. Williams' opinion regarding Plaintiff's visual limitations.

Treating source medical opinions are entitled to deference, and must be either given controlling weight or assigned some lesser weight "using all of the factors provided in 20 C.F.R. 404.1527 ....." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *4. To ensure that the opinion of a treating physician receives proper deference, an administrative law judge must engage in a sequential analysis when performing her review of such opinions. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

First, the administrative law judge must determine whether the opinion deserves controlling weight. Id. Controlling weight must be given if the opinion is both supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Watkins, 350 F.3d at 1300.

If the medical opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed "using all of the factors provided in 20 C.F.R. § 404.1527..." Watkins, 350 F.3d at 1300-01. Further, the administrative law judge must give good reasons in the decision for the weight she ultimately assigns to the opinion. Id. As summarized in Watkins, the regulatory factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not

> the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

350 F.3d at 1301 (internal quotation marks omitted). Although the decision need not include an explicit discussion of each factor, the record must reflect the weight the administrative law judge gives to the opinion and the reasons for that weight. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir.2007). The decision must articulate the administrative law judge's reasoning such that later reviewers can identify both the weight that was actually assigned to the opinion and the reasons for that weight. SSR 96-2p, 1996 WL 374188, at *5. Finally, if the administrative law judge rejects the opinion completely, she must give "specific, legitimate reasons" for doing so. Watkins, 350 F.3d at 1301.

In the decision now under review, the administrative law judge introduced her extensive discussion of the medical evidence with a statement that she had considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527, and SSR 96-2p, 96-5p, 96-6p, and 06-3p. Tr. 18. She then sets out a five-page summary of Plaintiff's hearing testimony and the medical evidence, including the treatment notes of Dr. Williams and his medical source statement regarding Plaintiff's ability to perform work-related activities. Although the administrative law judge did not use the term "controlling weight" in making her finding regarding the January 2008 medical source statement, she specifically found that the opinion was afforded "little weight" because it was not supported by objective findings in Dr. Williams' prior treatment records. Tr. 23. Under the treating physician rule, an opinion that is not well-supported by clinical and laboratory diagnostic techniques is not

entitled to controlling weight. SSR 96-2p, at *2.

The administrative law judge's discussion of the evidence makes it clear that she considered the appropriate factors in finding that Dr. Williams' opinions regarding Plaintiff's exertional, postural, manipulative, and environmental limitations were entitled to little weight. She discussed the treatment relationship between Plaintiff and Dr. Williams, such as the nature of the symptoms generally reported and Dr. Williams' use of a "Pain Assessment and Documentation Tool," Tr. 22, 23; consistency of the statement with the rest of the medical record such as that summarized in the narrative prepared by Plaintiff's attorney, and the results of an "intense" evaluation of Plaintiff's ability to perform several work related abilities by Oklahoma Physical Therapy, which resulted in a finding that he could do light work. Tr. 20, 23. Dr. Williams' failure to list any findings in support of his medical source statement with regard to these limitations was obviously of particular importance to the administrative law judge as was the fact that his findings were not supported by objective findings in his prior records. Tr. 23 See Smith v. Barnhart, No. 04-7027, 172 Fed.Appx. 795, 802 (10th Cir. Feb. 28, 2006)[3] (citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir.1987)). The administrative law judge may not have listed the regulatory factors in her decision, but such an explicit discussion is not required. Oldham, 509 F.3d at 1258. With one notable exception – Dr. Williams' opinion regarding Plaintiff's visual

---

[3]This unpublished disposition is cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

9

limitations – the administrative law judge cited the proper authorities governing consideration of opinion evidence and the discussion that followed reflects the weight she gave to Dr. Williams' opinion and the reasons for that weight.

However, medical source statements such as that of Dr. Williams "may actually comprise separate medical opinions regarding diverse physical and mental functions, such as walking, lifting, seeing and remembering instructions," and it "may be necessary to decide whether to adopt or not adopt each one." Soc.Sec.Ruling 96-5p, 1996 WL 374183, at *4. In this case, Dr. Williams separately opined that Plaintiff's seeing was limited because he is legally blind in the left eye and has seen only darkness since age four or five. Tr. 425. The administrative law judge apparently rejected this opinion, as no visual limitations are included in her RFC finding. This is despite the fact that Dr. Williams supported his opinion with a finding that Plaintiff is blind in his left eye – a finding consistent with the medical record. For example, in the medical history form contained in the records of Dr. Munneke, Plaintiff specifically states that he is blind in the left eye and refers to eye surgery by a Dr. Wize in approximately 1967. Tr. 306. The medical records of Dr. Munneke, Dr. Hensley, and Dr. Williams contain notes referencing Plaintiff's left eye blindness. Tr. 310, 348, 353. On examination, Dr. Hensley found that Plaintiff's right eye was reactive to light, but the left eye was deviated with an eccentric pupil. Tr. 355. Plaintiff testified at the administrative hearing that he had been blind in the left eye since childhood, and the administrative law judge specifically referenced that testimony in her decision. Tr. 19, 34. In light of this evidence, there appears to be no legitimate reason for the administrative law judge to reject

Dr. Williams' opinion that Plaintiff's seeing is limited. Thus, despite the administrative law judge's citation to the applicable authorities and her discussion of the exhibits that were particularly pertinent to her finding regarding the rest of Dr. Williams' opinion, she gives no reasons for her decision to reject his opinion that Plaintiff's seeing is limited. The very purpose of the treating physician rule is to facilitate review of an administrative law judge's decision to assign a particular weight to the opinion in question. Watkins, 350 F.3d at 1301. Without any indication as to the reason for the weight, such review is impossible. Accordingly, this matter should be reversed and remanded for the purpose of evaluating Dr. Williams' opinion in accordance with the treating physician rule.

**B. CONSIDERATION OF ALLEGATIONS OF DISABLING PAIN IN REACHING THE RFC FINDING**

In a truncated argument, Plaintiff next claims that the administrative law judge failed to give specific, legitimate reasons for discounting his allegations of pain. Plaintiff's Opening Brief, 7. In fact, that is the sum total of his argument – Plaintiff does not attempt to support this claimed error by reference to either the decision or the record. See Plaintiff's Opening Brief, 7. Because Plaintiff has failed to develop any argument on the point, the Court is not obligated to consider it. Lax v. Astrue, 489 F.3d 1080, 1089 (10th Cir. 2007). Further, as this claim of error may be affected by the administrative law judge's treatment of the case upon remand, it is recommended that the Court decline to consider it. Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003).

11

# C. FAILURE TO CONSIDER NONEXERTIONAL IMPAIRMENTS/CONCLUSIVE USE OF THE GRIDS

Because they are related, the undersigned will combine the discussion of Plaintiff's third and fourth claims of error. In his third claim of error, Plaintiff contends that the administrative law judge failed to assess the nature, extent, and any limitations that might result from his alleged learning disability and blindness in the left eye since childhood. Plaintiff's Opening Brief, 7. He claims that the administrative law judge's finding that he has no nonexertional impairments is not supported by substantial evidence, and that the administrative law judge improperly ignored the significantly probative evidence of these impairments in reaching her decision. Id. He also correctly argues that the administrative law judge must consider all impairments, not just severe impairments, in assessing a claimant's RFC. Id. In his fourth and related argument, Plaintiff contends that the administrative law judge erred in conclusively applying the grids in light of his nonexertional impairments, and that the findings required for conclusive application of the grids are not supported by substantial evidence. Plaintiff's Opening Brief, 9.

The Commissioner responds that Plaintiff's claim of significant nonexertional limitations is without merit. Commissioner's Brief, 12. The Commissioner notes that the administrative law judge did not completely discredit Plaintiff's complaints, but limited him to a full range of light work. Id. As for left eye blindness since childhood, the Commissioner argues that Plaintiff claimed no limitations in connection with the impairment and in fact worked for the past fifteen years as an equipment operator with this impairment. Id. at 13.

Finally, the Commissioner argues that the administrative law judge specifically considered the issue of organic mental disorder in her decision, and the fact that Plaintiff took special education classes and dropped out of school in the ninth grade. Id. at 14. The Commissioner contends that the administrative law judge therefore properly applied the grids to conclusively find Plaintiff not disabled.

At step four, the administrative law judge must "assess the nature and extent of the claimant's physical limitations and then determine the claimant's residual functional capacity for work activity on a regular and continuing basis." Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999)(internal quotations omitted). "If the [administrative law judge] concludes that the claimant cannot perform any of his past work with his remaining RFC, the [administrative law judge] bears the burden at step five to show that there are jobs in the regional or national economies that the claimant can perform with the limitations the [administrative law judge] has found him to have." Id. "When a claimant's exertional level, age, education, and skill level (i.e., work experience) fit precisely within the criteria of a grid rule an [administrative law judge] may base a determination of nondisability conclusively on the grids." Id. However, "an [administrative law judge] may not rely conclusively on the grids unless he finds ... that the claimant has no significant nonexertional impairment." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). In this regard, "[t]he mere presence of a nonexertional impairment does not preclude reliance on the grids." Id. The nonexertional impairment "must interfere with the ability to work." Id. Where there is substantial evidence to support the administrative law judge's findings "(1) that the claimant

has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level," reliance on the grids for the step five decision is proper. Id. Here, the undersigned finds that the administrative law judge improperly relied on the grids in light of Plaintiff's sensory impairment of left eye blindness.

The fact that Plaintiff is blind in his left eye, and has been since childhood, is uncontroverted in the evidence of record. Moreover, the only evidence regarding the impact of this impairment is Dr. Williams' opinion that Plaintiff's seeing is limited – an opinion that was rejected without proper application of the treating physician rule. Such a visual impairment is a nonexertional impairment that obviously has the potential to significantly interfere with basic work activities, and the only opinion in the record suggests that it does so in Plaintiff's case. Although Plaintiff did not specifically allege that his visual impairment caused any restriction or limitation in his ability to work, at step five it is the Commissioner who has the burden of proving that Plaintiff can perform other work which exists in significant numbers in the economy. Although the administrative law judge stated that she had considered *all* of Plaintiff's symptoms, she either failed to consider his sensory impairment, or failed to provide any reasons which would allow for meaningful review of a finding that the sensory impairment caused no significant impairment of Plaintiff's ability to work at the light level of exertion. The Commissioner himself has indicated that a visual impairment can significantly diminish the occupational base for both light and medium work. See Soc.Sec.Ruling 83-14, 1983 WL 31254, at *5 (constriction of visual field can cause a

person to be a hazard to himself and others, such as tripping over objects, inability to detect approaching persons or objects, and difficulty walking up and down stairs). Although an administrative law judge may find that blindness in one eye would have no significant effect on a claimant's ability to do a full range of work, and could thus apply the grids, such a finding would have to be supported by substantial evidence. <u>Timmons v. Barnhart</u> No. 04-7007, 118 Fed.Appx. 349, 352 (10th Cir. Sept. 9, 2004) (citing <u>Sykes v. Apfel</u>, 228 F.3d 259, 261 (3d Cir.2000) (concluding that administrative law judge erred by failing to support his conclusion that loss of binocular vision from blindness in one eye would not significantly erode the occupational base for claimant with other, exertional impairments)).

In this case, the administrative law judge found that Plaintiff's impairments only limited his RFC with regard to the strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling). <u>See</u> Tr. 23. She included no nonexertional limitations in her RFC finding for a full range of light work nor did she provide any reasons as to why she believed Plaintiff's blindness in one eye would not diminish the occupational base. <u>Id.</u> Since the administrative law judge's determination that Plaintiff's nonexertional impairment did not significantly limit his ability to perform work activity is not supported by substantial evidence, the administrative law judge erred by conclusively relying on the grids to determine that Plaintiff was not disabled.[4]

---

[4]The undersigned notes that although the administrative law judge conclusively relied on the grids for her decision, she did call upon a vocational expert to testify at the administrative hearing. Tr. 28, 44. In response to the only hypothetical posed - which reflected limitations consistent with the medical source statement of Dr. Williams – the vocational expert indicated that if one combined all of Plaintiff's limitations, including the left eye blindness, there would be an adverse affect on the

15

Finally, as the Commissioner concedes, the administrative law judge cited the incorrect grid section in reaching her finding at step five. Commissioner's Brief, 16 n. 1. It appears that the administrative law judge inadvertently applied the grid rule applicable to claimants with a high school diploma even though Plaintiff only completed the ninth grade. Compare Tr. 19 with Tr. 23. Because the rules applicable to those with at least a high school education are the same as those applicable to claimants with a limited education, citation to the incorrect grid section would ordinarily be nothing more than a deficiency in opinion-writing technique. See Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir.1987) ("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where, as here, the deficiency probably had no practical effect on the outcome of the case."). However, since it is recommended that this matter be remanded for further proceedings, the administrative law judge may clarify which grid section is applicable, if in fact she determines that reliance on the grids is appropriate.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of the Social Security Administration is neither supported by substantial evidence nor based upon correct legal standards. Accordingly, it is recommended that the matter be reversed and

---

number of jobs available. Tr. 45.

remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by March 11, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 19th day of February, 2010.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE